Maria Crimi Speth (012574)
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
mcs@jaburgwilk.com
(602) 248-1000

Mark E. Wiemelt (IL ARDC NO. 06208213)
 (pro hac vice pending)
Law Offices of Mark E. Wiemelt, P.C.
10 S. LaSalle St., Ste. 3300
Chicago, IL 60603
mark@wiemeltlaw.com
(312) 372-7664

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| CHICAGO RESTAURANT & ENTERTAINMENT GUIDE, INC., an Illinois corporation, and DAVID LISSNER, an individual,<br><br>            Plaintiffs,<br><br>v.<br><br>CHICAGORESTAURANT.COM, an Internet Domain Name,<br><br>            Defendant. | Case No.<br><br>**VERIFIED COMPLAINT** |

### *NATURE OF ACTION AND RELIEF SOUGHT*

1. Plaintiffs bring this *in rem* action under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (hereinafter "ACPA"), against the following domain name: CHICAGORESTAURANT.COM. Plaintiff David Lissner is the owner of the distinct trademark CHICAGO RESTAURANT (hereinafter "Trademark"). Plaintiff Chicago Restaurant & Entertainment Guide, Inc. is the exclusive licensee of the Trademark and former owner of the Domain Name CHICAGORESTAURANT.COM.

1   The Domain Name contains Plaintiff David Lissner's distinct trademark CHICAGO
2   RESTAURANT (hereinafter "Trademark") and is confusingly similar to the Trademark.
3   Registration of the Domain Name by the current registrant is not, and has never been,
4   authorized by Plaintiffs.

5   2. As owner and exclusive licensee of the Trademark contained in the Domain
6   Name, Plaintiffs seeks the transfer of the Domain Name and/or the forfeiture or
7   cancellation of the Domain Name as provided for in the ACPA. 15 U.S.C. §
8   1125(d)(2)(D)(i).

## *THE PARTIES*

3. Plaintiffs are Chicago Restaurant & Entertainment Guide, Inc., an Illinois corporation, with a principal place of business at 954 West Willow Street, Chicago, Illinois 60614, and David Lissner, an individual residing in Cook County, Illinois.

4. The Defendant Domain Name CHICAGORESTAURANT.COM is registered to Yucel Polat, Demetevler 7. Cad, Ankara, Yenimahalle 06000, Turkey. A copy of the Whois record for CHICAGORESTAURANT.COM is attached as **Exhibit A** and incorporated herein by reference. The domain name registrar for CHICAGORESTAURANT.COM is GoDaddy.com, Inc., 14455 North Hayden Road, Suite 219, Scottsdale, Arizona 85260.

## *JURISDICTION AND VENUE*

5. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331.

6. This Court has *in rem* jurisdiction over Defendant pursuant to 15 U.S.C. § 1125(d)(C)(i), in that the registrar that registered the Domain Name, GoDaddy.com, Inc., is located in this judicial district.

7. The ACPA provides that an *in rem* action against domain names is proper if the court finds that the owners of trademarks protected by the ACPA are unable to obtain *in personam* jurisdiction over a person who would have been a Defendant under Paragraph

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

2

999-206/MCS/DAG/817426_v1

(1) of the ACPA.  15 U.S.C. § 1125(d)(2)(A)(ii)(I).  Paragraph 1 of the ACPA provides as follows:

> A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person—
>
> (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and
> (ii) registers, traffics in, or uses a domain name that—
>
> (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;
> (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or
> (III) is a trademark, word, or name protected by reason of section 706 of title 18, United States Code, or section 220506 of title 36, United States Code.

15 U.S.C. § 1125(d)(1).

8. The legislative history of the ACPA indicates that the inability to obtain *in personam* jurisdiction occurs when a non-U.S. resident cybersquats on a domain name that infringes a U.S. trademark.  H.R. Rep. 106-412 at 9 (1999).  Such is the case here.

9. *In rem* jurisdiction is proper in this instance as Plaintiffs are not able to obtain *in personam* jurisdiction over the registrant/owner of the Domain Name because he is located outside the United States, specifically, in Turkey, and he would otherwise have been a Defendant in a civil action under Paragraph 1 of the ACPA, 15 U.S.C. § 1125(d)(1).

10. The ACPA provides that, in an *in rem* action, a domain name shall be deemed to have its situs in:  (a) the judicial district in which the domain name registry is located; or (b) where documents sufficient to establish control and authority regarding the disposition of the registration and use of the domain names are deposited with the Court.  15 U.S.C. § 1125(d)(2)(C).

999-206/MCS/DAG/817426_v1

1    11. This Court has jurisdiction of the *res* that are the subject of this Complaint - the Domain Name - because GoDaddy.com, Inc., the registrar which maintains the .COM registry (i.e., the registry for the Domain Name at issue here), has a principal place of business in this District at 14455 North Hayden Road, Suite 219, Scottsdale, Arizona 85260.

12. Venue is proper in this Court because the registry operator for the .COM registry, GoDaddy.com, Inc., an Arizona corporation, is located at 14455 North Hayden Road, Suite 219, Scottsdale, Arizona 85260.  As specifically provided by 15 U.S.C. § 1125(d)(2)(A):  "The owner of a mark may file an *in rem* civil action against a domain name in the judicial district in which the domain name registrar, registry, or other domain name authority that registered or assigned the name is located."  Venue is also proper in this Court under 28 U.S.C. § 1391(b) because, upon information and belief, a substantial part of the events giving rise to the claims occurred in this District.

### *WRITTEN NOTIFICATION TO REGISTRY AND REGISTRAR*

13. Pursuant to 15 U.S.C. § 1125(d)(2)(D)(1), Plaintiffs have or are in the process of notifying the .COM registry and Registrar, GoDaddy.com, Inc., of this proceeding by providing them with written notice and a filed-stamped copy of this Complaint.  As a result thereof and pursuant to 15 U.S.C. § 1125(d)(2)(D)(1), the domain name registrar, domain name registry, or other domain name authority shall:

> (I) expeditiously deposit with the court documents sufficient to establish the court's control and authority regarding the disposition of the registration and use of the domain name to the court; and (II) not transfer, suspend, or otherwise modify the domain name during the pendency of the action, except upon order of the court.

15 U.S.C. § 1125(d)(2)(D).

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

### *GENERAL ALLEGATIONS*

*(Plaintiff's Rights In The Trademark)*

14. Plaintiff David Lissner has common law rights in the Trademark based upon his substantially continuous and exclusive use of the Trademark in commerce in the United States since at least 1997, individually and by and through his exclusive licensee Chicago Restaurant & Entertainment Guide, Inc. The Trademark has become a distinctive identifier of services offered by Plaintiffs.

15. In recognition of the inherent distinctiveness and exclusive rights of use, on July 20, 2010, the United States Patent and Trademark Office granted Plaintiff David Lissner Registration No. 3,820,906, on the Principal Register, for the Trademark CHICAGO RESTAURANT in connection with "magazines featuring restaurants in Chicago,; magazines in the field of hospitality, gastronomy and entertainment services," in Class 016. A copy of the Certificate of Registration is attached hereto as **Exhibit B** and made a part hereof.

16. Trademark Registration No. 3,820,906 remains in full force and effect and the certificate of registration thereof constitutes "prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration" 15 U.S.C. § 1115.

17. Beginning on September 11, 1997, Plaintiff Chicago Restaurant & Entertainment Guide, Inc. registered and owned the Domain Name and operated an official website at <www.chicagorestaurant.com>, where the public was able to access information about it and its services, including news and magazine articles referencing Chicago Restaurant & Entertainment Guide, Inc. and its services. Plaintiffs invested substantial resources in establishing the goodwill of the Trademark.

18. Plaintiff Chicago Restaurant & Entertainment Guide, Inc.'s registration for the Domain Name was renewed through Network Solutions, LLC on August 18, 2003, for a period of nine years.

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

19. Plaintiff Chicago Restaurant & Entertainment Guide, Inc.'s use of the Domain Name CHICAGORESTAURANT.COM and operation of the website located at www.chicagorestaurant.com continued until sometime in October 2009, when, without Plaintiffs' knowledge or permission, the current owner of the Domain Name, Yucel Polat, surreptitiously obtained and/or activated a registration of the Domain Name with the Registrar, and, upon information and belief, used the registration to cause the website located at www.chicagorestaurant.com to discontinue normal operation.

20. The website located at www.chicagorestaurant.com, which once received over 700,000 hits in a single month when controlled by Plaintiff Chicago Restaurant & Entertainment Guide, Inc., is now completely inoperable.

## *INFRINGING ACTIVITIES BY THE OWNER OF THE DOMAIN NAME*

21. The ACPA lists nine nonexclusive, nonexhaustive factors that a court may consider in determining whether a person has engaged in bad faith registration, trafficking in or use of another's trademark:

> (I) the trademark or other intellectual property rights of the person, if any, in the domain name;
> (II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;
> (III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;
> (IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;
> (V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;
> (VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use,

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

6

>the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;
>(VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;
>(VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and
>(IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of subsection (c)(1) of section 43.

15 U.S.C. § 1125(d)(1)(B)(i).

22. Upon information and belief, the current owner of the Domain Name, Yucel Polat, registered the Domain Name in bad faith and has shown a bad faith intent to profit from the goodwill of the Trademark by engaging in conduct described in one or more of the ACPA statutory criteria listed in Paragraph 21 above. More specifically:

a. Upon information and belief, the Domain Name was registered by Yucel Polat in October of 2009, after Plaintiff David Lissner's Trademark became distinctive and an identification of source of Plaintiffs' services.

b. Upon information and belief, the current owner of the Domain Name, Yucel Polat, had actual knowledge of Plaintiff Chicago Restaurant & Entertainment Guide, Inc.'s prior use of the Domain Name and Plaintiff David Lissner's rights in the Trademark at the time the Domain Name was registered by Yucel Polat.

c. Upon information and belief, the current owner of the Domain Name, Yucel Polat, is not commonly known by either "Chicago Restaurant" or CHICAGORESTAURANT.COM.

7

1    d. The current owner of the Domain Name, Yucel Polat, is not making a bona fide noncommercial or fair use of the Domain Name.

e. Upon information and belief, the current owner of the Domain Name provided material and misleading false contact information when applying for the registration of the Domain Name.

23. Upon information and belief, the current owner of the Domain Name, Yucel Polat, has not and cannot satisfy any of the ACPA's statutory criteria listed in Paragraph 21 above that tend to indicate an absence of bad faith intent to profit from the goodwill of the Trademark.

## *CLAIM FOR RELIEF*

*(Violation Of Anticybersquatting Consumer Protection Act 15 U.S.C. § 1125(d))*

24. Plaintiff repeats and incorporates by reference the allegations of Paragraphs 1 through 23 as though fully set forth.

25. Plaintiff's Trademark was distinctive at the time of the registration by the current owner of the Domain Name, Yucel Polat, and was, and is, protected by the Lanham Act, 15 U.S.C. § 1125.

26. The Domain Name is identical to and confusingly similar to the Trademark.

27. Upon information and belief, the registration of the Domain Name by the owner shows a bad faith intent to trade on the goodwill of Plaintiffs, and therefore constitutes cybersquatting in violation of the ACPA.

28. Upon information and belief, the current owner of the Domain Name, Yucel Polat, is located outside of the United States, in Turkey, and this Court lacks personal jurisdiction over him.

WHEREFORE, Plaintiffs pray for judgment and relief as follows:

(A) That the Domain Name be transferred to Plaintiff Chicago Restaurant & Entertainment Guide, Inc., or, in the alternative, cancelled and/or forfeited;

(B) For an order, that GoDaddy.com, Inc. transfer the Domain Name to Plaintiff Chicago Restaurant & Entertainment Guide, Inc.; and

999-206/MCS/DAG/817426_v1

1   (C) An award to Plaintiff of all such other and further relief as this Court may deem just and proper.

DATED this 4th day of August, 2010.

**JABURG & WILK, P.C.**


s/Maria Crimi Speth
Maria Crimi Speth
Attorneys for Plaintiffs

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

9

999-206/MCS/DAG/817426_v1

## *VERIFICATION*

State of Illinois        )
                         )        ss
County of Cook           )

DAVID M. LISSNER, being first duly sworn, deposes and says that he is an officer of CHICAGO RESTAURANT & ENTERTAINMENT GUIDE, INC., the named party plaintiff in the foregoing Complaint; that he has read the complaint; that the allegations contained therein are true of his own knowledge except as to those matters and things alleged on information and belief and that as to those matters and thing, he believes them to be true.

_____
David M. Lissner

Sworn and subscribed to, before me, this 26th day of ~~June~~ July, 2010.

_____
Notary Public

My Commission Expires:

"OFFICIAL SEAL"
HELEN F. WOODS
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 11/27/2010